JACK LEVINE, Appellant, *v.* BOWERY SAVINGS BANK, Respondent.

Argued June 6, 1940; decided July 24, 1940.

*Jacquin Frank* and *David M. Fink* for appellant. Plaintiff's presence in the building was that of a business invitee. His use of the fire-escape was at the express invitation of the defendant's authorized representative and there was also an implied invitation. (*Quinn* v. *Staten Island R. T. Co.*, 224 N. Y. 493; *Heskell* v. *Auburn L. & P. Co.*, 209

N. Y. 86; *Fleischmann Malting Co.* v. *Mrkacek*, 14 Fed. Rep. [2d] 602; *Radoslovich* v. *Navigazione Libera Triestina, S. A.*, 72 Fed. Rep. [2d] 367; *Quinn* v. *Power*, 87 N. Y. 537; *Riley* v. *Standard Oil Co.*, 231 N. Y. 301; *Gross* v. *Mertz*, 216 App. Div. 728; *Reilly* v. *Connable*, 214 N. Y. 586; *Kane* v. *Couch*, 254 App. Div. 797; *McAlpin* v. *Powell*, 70 N. Y. 126; *Malcolm* v. *Thomas*, 207 App. Div. 230; 238 N. Y. 577; *Fey* v. *Wolf*, 256 App. Div. 842.)

*Clarence S. Zipp, William S. O'Connor* and *Daniel Miner* for respondent. Plaintiff was neither in the building nor did he attempt to use the fire-escape by either express or implied invitation of defendant or an authorized representative. (*Matter of Marks* v. *Gray*, 251 N. Y. 90; *Friedman* v. *Board of Education*, 262 N. Y. 364; *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *McAlpine* v. *Powell*, 70 N. Y. 126; *Aubrey* v. *McCarthy*, 217 App. Div. 492; *Vega* v. *Lange*, 248 App. Div. 521; *Roth* v. *Mitteldorf*, 248 App. Div. 608; *Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188; *Potter* v. *Watts*, 262 N. Y. 582; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Matter of De Voe* v. *N. Y. State Railways*, 218 N. Y. 318; *Solomon* v. *Manhattan Ry. Co.*, 103 N. Y. 437.)

*Per Curiam.* Plaintiff's evidence was sufficient to present a question of fact whether, upon accompanying his fellow-employee back to their place of employment in defendant's building on the night of the accident after regular working hours, the plaintiff entered the building as a business invitee or a mere licensee. If it is found that he was present in the building as a business invitee, the further question of fact is presented, did the injuries sustained by plaintiff, when he attempted to leave the building by means of a fire escape in the exigency of having doors and elevators closed and made unavailable to him as means of egress, result from a breach of legal duty owed to him by the defendant.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.